UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PETROSYAN,<br><br>　　　　　Plaintiff,<br>　　v.<br>HEDGPATH, et al.,<br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | CASE NO.　1:09-cv-00593-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 27) |

**FINDINGS AND RECOMMENDATION**

**I.　PROCEDURAL HISTORY**

　　　Plaintiff Arthur Petrosyan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 2, 2009. (ECF No. 1.) This action proceeds on Plaintiff's First Amended Complaint filed on June 15, 2009. (ECF No. 10.)

　　　On May 16, 2011, Defendants Zamora, Ali, Grannis, and Youssef filed a Motion to Dismiss for failure to state a claim. (ECF No. 27.) Plaintiff filed an opposition on June 27, 2011 and Defendants replied on July 5, 2011. (ECF Nos. 29 & 31.)

1

## II.    **PLAINTIFF'S ALLEGATIONS**

Plaintiff's complaint alleges deliberate indifference to his serious medical injury in violation of the Eighth Amendment by all Defendants. Plaintiff alleges that on December 22, 2006, his left hand was injured. Four days later, on December 26, 2006, a doctor submitted an urgent request for Plaintiff to be seen by an orthopedic surgeon because Plaintiff's hand was fractured. Plaintiff was also prescribed pain medication. X-rays were performed on December 27, 2006.

Plaintiff was seen by the specialist on January 8, 2007. The specialist concluded that Plaintiff needed surgery. On January 10, 2007, Plaintiff asked to be seen by a doctor because the cast was hurting his hand, but no response was received. Defendant Youssef denied a request for surgery on January 16, 2007. On January 22, 2007, an appointment was made for Plaintiff to see the specialist again on January 29. Prison officials failed to take Plaintiff to that appointment.

On February 2, 2007, Plaintiff was examined by a doctor who submitted a request for Plaintiff to have surgery. On February 9, 2007, another doctor submitted a request for Plaintiff to receive an orthopedic consultation.

On March 21, 2007, Plaintiff was examined by an outside doctor who noted that the specialist had recommended surgery. The doctor ordered tests and nerve studies, and ordered a follow-up appointment. Plaintiff did not have any of the tests nor did he have a follow-up appointment.

On August 30, 2007, Plaintiff filed an administrative appeal requesting to be seen by a specialist about his wrist. Defendant Ali partially granted the appeal, but found that further treatment was not necessary.

On December 20, 2007, Defendant Zamora granted Plaintiff's second level appeal because Plaintiff had received a consultation with a specialist in January 2007. On March 6, 2008, Defendant Grannis denied Plaintiff's appeal at the third level finding that there were no unresolved issues.

### III.  LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### III.  ARGUMENTS

Defendants argue that Plaintiff failed to state a claim for a violation of the Eighth Amendment. Defendants contend that Plaintiff has not alleged deliberate indifference to

3

a serious medical need, but appears to be alleging a difference of medical judgment or negligence which is insufficient to rise to a constitutional level. Defendants also argue that Plaintiff's allegations are insufficient to state a due process claim under the Fourteenth Amendment. Defendants state that Plaintiff does not have a constitutional right to a favorable ruling on prison grievances.

Plaintiff argues that he is not merely alleging a difference of medical opinion. He states initially deliberate indifference was shown when he was refused treatment for four days after his injury, which caused him to suffer pain needlessly. As to Defendant Youssef, Plaintiff states that deliberate indifference is proved by the fact that other doctors also recommended the surgery that was originally recommended by the specialist, and that another doctor recommended further testing including nerve damage testing and a follow-up appointment all of which were denied by Youssef. Plaintiff further argues, as to Defendants Zamora, Ali, and Grannis, that they were aware of his serious medical need and each denied him the necessary medical treatment.

In their reply, Defendants argue that none of the Defendants were involved in the decision to give or not give Plaintiff pain medication between the injury and when pain medication was prescribed. As to receiving the surgery, Defendants claim that Plaintiff is merely alleging that he did not receive the surgery. However, Defendants point out that he did receive treatment: an ice pack, pain medication, x-rays, a cast, physical therapy, and multiple consultations with prison and nonprison doctors.

As to Defendants Ali, Zamora, and Grannis, Defendants urge the Court to find that Plaintiff is merely alleging that he did not receive the relief he requested in his appeals, which is not sufficient to state a constitutional claim.

4

## IV.   ANALYSIS

Defendants argue that Plaintiff has failed to make sufficient allegations to state any claims either under the Eighth or Fourteenth Amendments. The Court notes that though Defendants argue against a Fourteenth Amendment due process claim, this is not a claim that was allowed to go forward by the Court. In its Screening Order, the Court only allowed Plaintiff to pursue his Eighth Amendment deliberate indifference claims against Defendants Youssef, Ali, Zamora, and Grannis. (ECF No. 16.) Thus, the due process arguments will not be addressed here.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

5

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett, 439 F.3d at 1096. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." Estelle, 429 U.S. at 104-105. The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at 835). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant

was deliberately indifferent to his needs." Id. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

If the claim alleges mere delay of treatment, the inmate must establish that the delay resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v.

7

Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### A. Four days without pain medication

Plaintiff states that his injury occurred, that he told an MTA, but that he did not receive pain medication for four days. The MTA is not a named Defendant. As it appears that Defendants were not aware of Plaintiff's injury, they can not be held to be deliberately indifferent to it. Also the Court notes that slight delays in administering pain medication, without more, do not constitute deliberate indifference. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). Therefore, this part of the claim should be dismissed as to all Defendants.

### B. Failure to Treat

Plaintiff states that Defendant Youssef denied all requests for surgery and treatment, and that Defendants Grannis, Ali, and Zamora denied Plaintiff's grievance and appeal of that grievance. It appears that Plaintiff saw multiple doctors who ordered

8

multiple things including surgery, MRIs, follow-up appointments, and nerve conduction studies. Plaintiff states that he did not receive any of the recommendations.

"[A] finding that the defendant repeatedly failed to treat an inmate properly . . . strongly suggests that the defendant's actions were motivated by 'deliberate indifference; to the prisoner's medical needs." McGuckin, 974 F.2d 1060-61. At this stage in the proceedings, it appears that Defendant Youssef was aware of Plaintiff's injury as of the initial surgery request. It also appears that numerous doctors' recommendations were not followed. As a result, Plaintiff continues to suffer.

Plaintiff states that Defendant Youssef was not only aware of the surgery recommendation, but was aware of all other recommendations made by the doctors who examined Plaintiff's hand. Taking this into account, it appears that, through his denials, Defendant Youssef was deliberately indifferent to Plaintiff's needs. Instead of giving Plaintiff the recommended treatments, Plaintiff was passed around and examined by different doctors. Therefore, the Court finds that Defendant Youssef's request to dismiss this claim should be DENIED.

### C.     Denial of Grievance

Plaintiff states that Defendants Grannis, Ali, and Zamora were deliberately indifferent to his serious medical need when they denied his grievance. Plaintiff states that his grievance complained that he had not received adequate medical attention for his injured hand which resulted in the fracture healing incorrectly and the need for corrective surgery.

Plaintiff states that Defendant Ali responded at the first level, stating that he reviewed Plaintiff's health records and spoke with medical staff, and partially granted the

appeal because Plaintiff had been seen by two doctors about his hand. Defendant Ali further stated that no further treatment was needed.

Plaintiff states that Defendant Zamora also decided that because Plaintiff had been seen by the initial doctor that his appeal had been granted. Plaintiff states that Defendant Grannis stated that there was no unresolved issue for Director's Level Review.

Plaintiff alleges that Defendants Grannis, Ali, and Zamora were aware of his medical need through the grievance and then were deliberately indifferent to it. Defendants argue that there is no liability for denial of a grievance.

While Defendants' argument is generally true, a supervisor "can be held liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Blankenhorn v. City of Orange, 485 F.3d 463, 485 (9th Cir. 2007) (internal citation and punctuation omitted); Jett, 439 F.3d at 1098 (prison administrators are liable if they knowingly fail to respond to a request for help); see also Verser v. Elyea, 113 F.Supp.2d 1211, 1215-16 (N.D.Ill. 2000) (citing circumstances in which denial of grievances can trigger liability).

At this stage in the proceedings, it appears that Defendants were made aware of Plaintiff's medical need through the grievance process and that they denied his requested relief demonstrating deliberate indifference. Therefore, the Court finds that Defendants Grannis, Ali, and Zamora's request for dismissal of this claim should be DENIED.

## V.     CONCLUSION AND ORDER

The Court finds that Defendants are not entitled to dismissal of the action for failure

10

to state a claim.

Accordingly, this Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss, filed May 16, 2011, be GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' Motion to Dismiss the claims against them based on Plaintiff not receiving pain medication for four days between December 22 and 26, 2006 is GRANTED; and

2. Defendants' Motion to Dismiss the Eighth Amendment deliberate indifference claims as to not receiving the recommended treatment for his injury be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 11, 2011

UNITED STATES MAGISTRATE JUDGE

11