UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PETROSYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>HEDGPETH, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00593 AWI JLT<br><br>ORDER GRANTING STIPULATION TO ALLOW THE DEPOSITIONS OF S. ZAMORA, M. ALI AND N. GRANNIS TO BE TAKEN OUT OF TIME<br><br>(Doc. 98) |

    Before the Court is the stipulation of the parties to allow the depositions of S. Zamora, M. Ali and N. Grannis to be taken after the discovery deadline. (Doc. 98) The parties explain that Zamora and Ali are available for deposition "in early May" and that Grannis, who is now retired, is "not available to be deposed until May." Id. at 2.

    Notably absent from the deposition is information as to the diligence of Plaintiff in seeking to set these depositions. Indeed, the Court recalls that at the mid-discovery status conference, held on March 5, 2014, Plaintiff had failed to conduct any discovery at that point, except that completed before counsel was retained, and had violated the Court's order by failing to make his initial disclosure by January 31, 2014. (Doc. 92; Doc. 94; Doc. 97) Despite this, counsel reported that the discovery would be completed by the May 1, 2014 deadline. (Doc. 97) Based what appeared to be a studied lack of diligence, the Court ordered, "Counsel are advised that the Court does not anticipate authorizing

any amendments to the schedule and they are expected to complete all non-expert discovery as set forth in the scheduling order." Id.

The stipulation reports that Plaintiff has not taken the depositions of three of the Defendants by the May 1, 2014 deadline. The Court is not surprised by this turn of events given the lack of discovery efforts made before now and, except for Defendants' willingness to accommodate this current request, the Court would not extend the deadline. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . If that party was not diligent, the inquiry should end.")

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The stipulation of counsel is **GRANTED**. The depositions of S. Zamora, M. Ali and N. Grannis **SHALL** be completed, if they are taken, no later than May 30, 2014.

**Counsel is advised that the Court will not entertain any further requests to modify the scheduling order absent a showing of exceptional good cause.**

IT IS SO ORDERED.

Dated:   **April 14, 2014**         /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

2